FILED-CLERK
U.S. DISTRICT COURT
07 APR -2 AM 9:14
TEXAS-EASTERN
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 5:07CR 8 |
| | § | (Judge David Folsom) |
| PROFESSIONAL CLINIC | § | |
| MANAGEMENT, INC. | § | |

**PLEA AGREEMENT**
**PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**

Defendant PROFESSIONAL CLINIC MANAGEMENT, INC., Nicholas Patton, Defendant's attorney, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: Defendant understands that it has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have its guilt proved beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in its defense; and

   e. to not be compelled to testify against itself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: Defendant waives these rights and agrees to enter a plea of guilty to Count 1 of the Information, which charges a violation of 18 U.S.C. §1347, Health Care Fraud. Defendant understands the nature and elements of the crime to which it is pleading guilty.

3. **POTENTIAL SENTENCE**: The maximum penalties the Court can impose include:

   a. a fine not to exceed $250,000, or twice any pecuniary gain to Defendant or loss to the victim(s);

   b. a mandatory special assessment of $125.00, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing**;

  c. restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  d. costs of supervision.

4. **Fed. R. Crim. P. 11(c)(1)(C) STIPULATED SENTENCE:** Knowing these rights, the Defendant agrees to waive these rights and plead guilty to Count One of the Information subject to the agreements and conditions contained herein. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant agree that the following sentence yields the appropriate sentence for this case based on the interests of Defendant, any victims of the criminal conduct, and the interests of justice:

  a) The Defendant agrees to enter a plea of guilty to Count 1 of the Information, which alleges that on or about the dates in the Information, the Defendant knowingly submitted and caused to be submitted the materially false and fraudulent claims set forth in Count 1 of the Information to obtain the money and property owned by and under the custody and control of the Texas Medicaid Program, a health care benefit program, in connection with the purported delivery of health care benefits, items, and services.

  b) The Parties agree that a fine is not appropriate in this case because the Defendant lacks the ability to pay a fine.

  c) The Defendant agrees to serve a period of three (3) years probation.

  d) The Defendant agrees to pay restitution in the amount of $100,000.00. The parties agree that restitution in this case is limited to $100,000.00.

  e) The Defendant agrees to pay a mandatory special assessment of $125.00, at the sentencing hearing.

Plea Agreement, Page 2

5. **FED. R. CRIM. P. 11(C)(5) REMEDIES:** In the event that the Court rejects this plea agreement, the Defendant will be entitled to the remedies available under Fed. R. Crim. P. 11(c)(5).

6. **STATEMENT BY THE UNITED STATES:** The United States expressly reserves the right to speak to the Court at the time of sentencing pursuant to Rule 32 of the Federal Rules of Criminal Procedure. The United States further reserves the right to provide to the Court and to the United States Probation Office a statement of facts relating to the criminal conduct for which the Defendant was responsible; and further reserves the right to correct and comment on any misstatements of fact made by the Defendant or its attorney in the course of the presentence investigation or in the course of the sentencing or other proceedings.

7. **DEFENDANT'S COOPERATION:** Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning its participation in the offense of conviction and knowledge of criminal activities. Upon request, Defendant shall submit a financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding its capacity to satisfy the restitution. The Government will advise the Court of the extent of Defendant's cooperation. Failure to comply with this section can result in prosecution for the charges identified in paragraph 1 and for any other federal offenses the Defendant may have committed. Additionally, the Government may use any statements made by Defendant or leads derived therefrom against it in any proceeding. The Defendant agrees to cooperate fully in the investigation of the amount of restitution and in the identification of assets to be applied toward restitution. The Defendant's cooperation obligations include but are not limited to:

    a. Defendant will fully and truthfully complete the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the Government, within ten days of the guilty plea hearing; the Defendant promises that its financial statement and disclosures will be complete, accurate and truthful;

b. Defendant will submit to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding subject matter of said form;

c. Defendant will provide any documentation within its possession or control requested by the Government regarding its financial condition;

d. Defendant will fully disclose all assets in which it has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a nominee or other third party;

e. Defendant will not attempt to protect any person who has been involved in criminal activity;

f. Defendant will fully disclose all past transfers to other persons, parties or entities of assets, monies, or real or personal property related to the relevant conduct. Defendant certifies that it has not made any transfers of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon it by the Court. Defendant agrees that it will make no such transfers in the future and Defendant will not protect, hide or deny any asset transferred or gained by any other person;

g. Defendant will cooperate with the Government by taking whatever steps are necessary to pass clear title to the United States of any assets upon which the United States executes, sequesters or garnishes;

h. Defendant will immediately liquidate all non-exempt assets (including any offshore assets) under 18 U.S.C. § 3613 (a) and forward said proceeds to the Government for the purpose of payment of restitution imposed by the Court; and

i. Defendant will fully and truthfully answer all questions regarding its past and present financial condition in such interview(s) and provide any privacy waivers, consents or releases by the Government to access records to verify its financial disclosure.

8. **AUTHORITY TO BIND CORPORATION**: Each person who signs this agreement in a representative capacity warrants that he or she is duly authorized to do so. A duly executed resolution on the Board of Directors of PROFESSIONAL CLINIC MANAGEMENT, INC., approving this agreement is attached hereto as Exhibit "A."

9. **ASSISTANCE OF COUNSEL**: The Defendant acknowledges that it has had the assistance of an attorney in connection with these charges. The Defendant states that its attorney has carefully reviewed this plea agreement with those persons designated by law and its bylaws to act on behalf of the Defendant ("designated employees"); that its attorney has explained the Government's evidence to those designated employees; and that this plea agreement has been signed by a person authorized by law and the bylaws of the Defendant to execute agreements on behalf of the Defendant. The Defendant states that this plea agreement was signed only after all the questions of its designated employees concerning the plea agreement were answered by its attorney.

10. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty. Immediately after sentencing, the Government will dismiss the Indictment with prejudice against Defendant KEVIN B. SEDDENS, in Cause No. 5:04CR13 (Eastern District of Texas).

11. **VIOLATION OF AGREEMENT**: Defendant understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

12. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

13. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided herein, Defendant expressly waives its right to appeal its conviction and sentence on all grounds. Defendant further agrees not to contest its sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. Defendant,

Plea Agreement, Page 5

however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

14. **REPRESENTATION OF COUNSEL**: Defendant has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from its lawyer concerning each paragraph of this plea agreement, each of its rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes that it is guilty and has concluded that it is in its best interest to enter this agreement rather than proceeding to trial.

15. **LIMITATIONS ON THIS AGREEMENT**: This plea agreement is only binding on the United States Attorney's Offices for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

16. **ENTIRETY OF AGREEMENT**: Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

Dated: 29 March 2007

Gregg A. Marchessault
Assistant United States Attorney

  I have read the foregoing plea agreement and our attorney has explained it to us and it contains everything our attorney has explained to us about the plea PROFESSIONAL CLINIC MANAGEMENT, INC. wishes to enter. I further state that there are no other prior agreements and no additional agreements, representations or promises, either oral or in writing between PROFESSIONAL CLINIC MANAGEMENT, INC. or its attorney, and the United States, its agents, representatives, employees and attorneys. We are satisfied with the legal services provided to us in connection with this Plea Agreement and the matters related to it.

PROFESSIONAL CLINIC MANAGEMENT, INC.

Date: 3-28-2007   BY:

Authorized Representative
PROFESSIONAL CLINIC MANAGEMENT, INC.

Dated: 3-28-2007

Nicholas Patton
Attorney for Defendant,
PROFESSIONAL CLINIC MANAGEMENT, INC.

## CORPORATE AUTHORIZATION RESOLUTION

I, David Harper, certify that I am the Secretary of Professional Clinic Management, Inc. organized under the laws of the State of Arkansas, and the resolution on this document is a correct resolution adopted at a meeting of the Board of Directors of the corporation, duly and properly called and held on March 14, 2007. This resolution appears in the minutes of this meeting and has not been rescinded or modified.

Richard Henry, agent, is authorized to exercise the power granted as indicated below:

POWERS GRANTED:

1. Endorse a Plea Agreement Pursuant To Fed. R. Crim. P. 11(C)(1)(C) dated March 14, 2007.
2. Endorse any and all documents necessary to execute the Plea Agreement referred to in Number One above.

I further certify that the Board of Directors had, and at the time of adoption of this resolution, had, full power and lawful authority to adopt the resolution and to confer the powers granted above to the person named who had full power and lawful authority to exercise the same.

_____
David Harper
Secretary

## ACKNOWLEDGMENT

STATE OF ARKANSAS )
COUNTY OF ~~PULASKI~~ Miller ) §§  Miller

On this 14th day of March, 2007, before me, a notary public, personally appeared David Harper, individually, satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

```
LUTHER J GLEASON JR
NOTARY PUBLIC-STATE OF ARKANSAS
MILLER COUNTY
My Commission Expires 8-4-2013
```

My commission expires: 8-4-13